UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

————

No. 1:26-cv-01927

————

**Velazquez Gutierrez,**
*Petitioner,*

v.

**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

————

## ORDER

Petitioner Rovel Stiven Velazquez Gutierrez ("Petitioner") filed a habeas petition, an application for a temporary restraining order ("TRO"), and an emergency motion for stay of removal. *See* ECF Nos. 1, 2, 3. In his application for a TRO, Petitioner requests that the Court restrain Respondents from transferring him to another detention facility (or another country) while his petition is pending, retaliating against him for filing his petition with the Court, and destroying evidence relating to Petitioner's detention. In his emergency motion for stay of removal, Petitioner requests the Court prohibit Petitioner from being removed from the United States pending final resolution of his habeas petition.

Both Petitioner's application for a TRO and his emergency motion for stay of removal are DENIED.

## BACKGROUND

Petitioner is a native and citizen of Colombia who has lived in the United States for over a year. On March 11, 2026, immigration officials detained Petitioner. Since March 11, 2026, Petitioner has been in federal custody at the T. Don Hutto Detention Center in Taylor, Texas.

1

On July 13, 2026, Petitioner filed a petition for writ of habeas corpus, requesting his immediate release or an individualized bond hearing. On July 13, 2026, Petitioner filed an application for a TRO enjoining Respondents from transferring Petitioner to any other detention facility or a third country, retaliating against him for filing his petition with the Court, and destroying evidence relating to Petitioner's detention.

## LEGAL STANDARD

The party seeking a TRO must show a substantial likelihood he will prevail on the merits, a substantial threat of irreparable harm if the injunction is not granted, that the threatened injury outweighs the threatened harm to the nonmovant, and that the injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "[S]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (internal quotation marks omitted)).

## ANALYSIS

Petitioner's application for a TRO is denied because Petitioner has not shown imminent irreparable harm. "[Petitioner's] allegations that he will be removed or transferred . . . are wholly speculative and insufficient to support injunctive relief." *Toribio Vinces v. Mullin*, No. 3:26-cv-01392-L (BT), 2026 WL 1196633, at *2 (N.D. Tex. May 1, 2026) (denying a request for a TRO restraining a petitioner's removal from a district because the petitioner failed to offer proof transfer or removal was imminent or would occur before the court could rule).

Petitioner's conclusory allegations do not show how transfer to another facility would irreparably harm him. *See, e.g.,* *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140, at *1 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). This Court will retain jurisdiction over Petitioner's habeas petition even if he is transferred to another district. "[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction" even if he is transferred to another district. *Rumsfeld v. Padilla,* 542 U.S. 426, 441 (2004).

In addition, a petition for a writ of habeas corpus serves only to challenge "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. But Petitioner's "request for stay of removal is a challenge to a removal order." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citation omitted). Critically, "[f]ederal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Id.* (quoting *Humphries v. Various Fed. U.S. Immigr. & Naturalization Serv. Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) (internal quotation marks and citation omitted)). Thus, the Court lacks jurisdiction to stay removal.

Accordingly, Petitioner's application for temporary restraining order is denied. *See, e.g., Lotter v. Lyons*, No. SA-25-cv-00568-JKP, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025) (denying a petitioner's application for TRO prohibiting the petitioner's transfer out of the court's district); *Rivera Ortega v. Warden, El Paso Serv. Processing Ctr.*, No. 3:26-cv-01121-LS, 2026 WL 1137606 (W.D. Tex. Apr. 27, 2026) (denying a petitioner's application for a TRO and request for stay of removal out-of-country).

* * *

The application for a temporary restraining order and the emergency motion for stay of removal are denied.


*So ordered by the Court on July 15, 2026.*

ANDREW DAVIS
United States District Judge

4