UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-01927

**Velasquez Gutierrez,**
*Petitioner,*
v.
**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Rovel Stiven Velasquez Gutierrez is a native and citizen of Colombia currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1226(a). He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing. Because his detention is lawful, the petition is denied. Petitioner's motion to expedite and his motion for immediate release pending adjudication of his petition, *see* ECF Nos. 4, 5, are denied as moot.

## BACKGROUND

Petitioner entered the United States pursuant to a B-1/B-2 visa on or about January 31, 2025—and was authorized to stay in the United States until July 30, 2025. On March 11, 2026, Petitioner was detained by federal agents for remaining in the country past his visa. *See* 8 U.S.C. § 1227(a)(1)(B). He has been in federal immigration custody since July 8, 2026, and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

Petitioner was denied bond by an immigration judge on April 6, 2026, after he was deemed a flight risk. Petitioner's application for asylum relief was denied by the immigration

court, and he was ordered removed to his home country of Colombia on May 11, 2026. Petitioner's case is still on appeal to the Board of Immigration Appeals.

On July 13, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates Due Process, and that his detention is so onerous as to be punitive. His arguments, however, fail.

Construing Petitioner's *pro se* petition generously, Petitioner asserts that he must be released because his confinement violates the Eighth Amendment's prohibition on cruel and unusual punishment. This argument fails. Conditions of confinement are collateral to the reason for detention, and "habeas is not available to review questions unrelated to the cause of detention." *Pierre*, 525 F.2d at 935.

Petitioner's assertion that Due Process requires his release is likewise meritless. Petitioner does not have "a deeply rooted right to be released into the United States during [] deportation or removal proceedings." *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240, at *3 (W.D. Tex. June 8, 2026) (citing *Demore*, 538 U.S. at 531). Congress expressly authorized detention of an alien "pending a [removal] decision" with or without an individualized bond hearing. 8 U.S.C. § 1226(a)(1)–(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523.

Here, Petitioner was given a bond hearing—where he was deemed to be a flight risk—and thus was denied release on bond. This is a discretionary decision made by the Attorney General, and so is barred from review by this Court. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien *or the revocation or denial of bond* or

parole." (emphasis added)); *Demore*, 538 U.S. at 516. To the extent that Petitioner challenges the decision to deny bond itself, that is outside of the purview of this Court.

The Due Process clause does not require granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth above and in Part II of this Court's decision in *Cazares Tapia*, 2026 WL 1657240, at *3–5, the Court denies the petition.

* * *

The petition for writ of habeas corpus is denied. Accordingly, Petitioner's motion to expedite and his motion for immediate release are denied as moot. *See* ECF Nos. 4, 5.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 19, 2026.*

ANDREW DAVIS
United States District Judge